**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Monticello Enterprises LLC, | |
| Plaintiff | Case No.  6:23-cv-00763 |
| v. | **JURY TRIAL DEMANDED** |
| Starbucks Corporation, | |
| Defendant. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Monticello Enterprises, LLC ("Monticello" or "Plaintiff") files this Complaint

for patent infringement against Starbucks Corporation. ("Starbucks" or "Defendant"), and alleges

as follows:

### I.   NOTICE OF RELATED CASES

This case is related to the following active cases:

- *Monticello Enterprises, LLC v. Petco Health & Wellness Company, Inc., et al*, [6:23-cv-00761]; and

- *Monticello Enterprises, LLC v. Macy's, Inc., et al*, [6:23-cv-00753].

### II.   NATURE OF THE ACTION

1.      This is an action for patent infringement arising under 35 U.S.C. § 1 et seq

### III.   PARTIES

2.      Monticello is a limited liability company organized and existing under the laws

of the State of Maryland with its principal place of business in Huntingtown, Maryland.

3.      Upon information and belief, Defendant Starbucks is a corporation organized

under the laws of the State of Washington with a principal place of business located at 2401 Utah

402475494.2

Avenue South, Seattle, Washington 98134. Defendant is registered to do business in Texas and may be served via its registered agent at Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.  On information and belief, Defendant sells and offers to sell products and provides services throughout Texas, including in this judicial district.

## IV.    JURISDICTION AND VENUE

4.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Upon information and belief, Defendant is subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6.    Venue is proper in this judicial district under 28 U.S.C. §1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Defendant has stores in this District, including at 2609 S. Jack Kultgen Expressway, Waco, TX 76711 and 1703 S 18th St., Waco, TX 76706.

## V.    PATENTS

7.    The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,643,266 (the "'266 patent"), entitled "System and Method for In-app Payments," on May 5, 2020. Monticello is the legal owner of the '266 patent by assignment. A true and correct copy of the '266 patent is attached hereto as Exhibit A.

-2-

402475494.2

8.      The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,004,139 (the "'139 patent"), entitled "System and Method for Providing Simplified In Store Purchases and In-app Purchases Using a Use-interface-based Payment API," on May 11, 2021. Monticello is the legal owner of the '139 patent by assignment. A true and correct copy of the '139 patent is attached hereto as Exhibit B.

9.      The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,461,828 (the "'828 patent"), entitled "System and Method for Receiving Data at a Merchant Device From a User Device Over a Wireless Link," on October 4, 2022. Monticello is the legal owner of the '828 patent by assignment. A true and correct copy of the '828 patent is attached hereto as Exhibit C.

10.     The United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,468,497 (the "'497 patent"), entitled "System and Method for Receiving Data at a Merchant Device From a User Device Over a Wireless Link," on October 11, 2022. Monticello is the legal owner of the '497 patent by assignment. A true and correct copy of the '497 patent is attached hereto as Exhibit D.

## VI.    FACTUAL ALLEGATIONS

### A.  Monticello

11.     Thomas Isaacson, the founder of Monticello, is a serial innovator.  He is listed as an inventor on more than 120 patent applications covering a variety of inventions. In 2014, Mr. Isaacson filed the applications that matured into the '266, '139, '828, and '497 patents (collectively the "Asserted Patents"), which are directed at improving and simplifying making purchases on a website through a browser and on a mobile device through a merchant application.  Mr. Isaacson developed a way to simplify the user experience when making such purchases by disclosing an updated browser having an application programming interface

-3-

("API") for communicating payment data between the browser and a site for processing payments of purchases and to reduce the number of user interactions needed for a purchasing process. Mr. Isaacson's innovations as claimed in the Asserted Patents provide fast and secure methods for delivering stored payment data to a merchant upon the purchaser's approval of the transaction so that merchants, such as the Defendant, can provide their customers with a simplified, more reliable, and more secure shopping experience through an app and in the store.

12. Mr. Isaacson's inventions have been recognized by leading providers of online payment services, several of whom have taken licenses to the Asserted Patents.

### B. Starbucks

13. Starbucks describes itself as "the premier roaster, marketer and retailer of specialty coffee in the world." According to its latest SEC filings, Starbucks operates more than 9,000 stores in the U.S. Starbucks enables customers using certain Apple devices to reload their Starbucks Card with Apple Pay when reloading the Card from Starbuck's iOS application and enables customers use Apple Pay to check out in the store using Starbuck's in-store Point-of-sale ("POS") terminals (collectively "Accused Instrumentalities").

14. For example, when Apple Pay is available to the customer, Starbucks enables customers using the Starbucks iOS application to reload their in-app Starbucks Card using Apple Pay. Customers can then complete their purchase using their Starbucks Card. For example, when a customer is making a purchase using the Starbucks iOS application on an iPhone, if the customer's Starbuck's Card has insufficient funds, Starbucks presents "Apple Pay" as an option for reloading the card. *See* Figure 1.

402475494.2



Figure 1 - Starbucks App Checkout Screen on iPhone

15.        Starbucks also enables its customers to use Apple Pay to quickly pay for purchases in its stores.  Starbucks provides an NFC-enabled POS terminal at each checkout location that enables its customers to complete their purchase using Apple Pay.

16.        Defendant has knowledge of the Asserted Patents since at least the date of the filing and/or service of this Complaint.

## VII.    FIRST CAUSE OF ACTION
Infringement of U.S. Patent No. 10,643,266

17.        Plaintiff incorporates the foregoing paragraphs 1 to 16 by this reference as though fully set forth herein.

18.        Defendant has directly infringed and continues to directly infringe one or more claims of the '266 patent literally and/or under the doctrine of equivalents, pursuant to 35 U.S.C

402475494.2

§ 271, by making, using, selling, and/or offering to sell within the United States, without permission or authority the Accused Instrumentalities, all of which enable customers using certain Apple devices to reload their Starbucks Card or pay for purchases using Apple Pay.

19.    Defendant induces infringement by others of one or more claims of the '266 patent in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, to use the Accused Instrumentalities to reload their Starbucks Card or make purchases using Apple Pay, including by prominently displaying the "Apple Pay" buy button or logo on the Starbucks iOS application. Defendant is aware of the '266 patent at least as of the filing and/or service of this Complaint, and knows or should know that the inducing acts described herein constitute infringement of the '266 patent.

20.    Defendant is also liable for contributory infringement of one or more claims of the '266 patent in violation of 35 U.S.C. §271(c) by providing a material part of the Accused Instrumentalities used to infringe one or more claims of the '266 patent.  Those parts of the Accused Instrumentalities that enable the use of Apple Pay have no substantial non-infringing uses.  At least as of the filing and/or service of this Complaint Defendant knew that the Accused Instrumentalities were especially made for use in an infringing manner.  For at least the reasons set forth above, Defendant contributes to the infringement of the '266 patent by others.

21.    Defendant continues its infringing actions despite knowing that its actions constitute an unjustifiably high risk that its activities infringe the '266 patent, which was duly issued by the USPTO, and is presumed valid.  For example, since at least the filing and/or service of this Complaint, Defendant has been aware of the unjustifiably high risk that its actions continue to constitute infringement of the '266 patent, and that the '266 patent is valid.  On

information and belief, Defendant could not reasonably, subjectively believe that its actions do not constitute infringement of the '266 patent, and it could not reasonably, subjectively believe that the '266 patent is invalid.  Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions constitute infringement, Defendant has continued its infringing activities.  As such, Defendant willfully infringes the '266 patent.

22.     As just one non-limiting example of Defendant's direct infringement, set forth below (with claim language in italics) is a description of Defendant's direct infringement of exemplary claim 1 of the '266 patent in connection with Defendant's enabling the reload of a Starbucks Card using Apple Pay through its iOS application.  Monticello reserves the right to modify this description, including, for example, on the basis of information that it obtains during discovery:

a.     1. *A method comprising:  transmitting, from an application, to a software module on a mobile device, a request associated with a payment to the application for a potential purchase, wherein the request comprises information about the payment, and wherein the software module comprises a software module application programming interface that defines a protocol for communicating data between the application and the software module; and*:  On information and belief, Defendant's iOS application enables customers to reload their Starbucks Card with Apple Pay.  Defendant's iOS application responds to a customer selection of Apple Pay as the method to reload the Starbucks Card by transmitting an Apple Pay Request containing details about the reload, which is associated with a potential purchase, to an Apple Pay module on the iOS device where the Apple Pay module includes at least components of the PassKit API, which defines the protocol for communicating between the application and the Apple Pay module.

b.    *receiving, at the application, from the software module and via the software module application programming interface, authorized payment data, wherein the software module accesses or receives, based on the request, authorized payment data for the potential purchase from the mobile device or a network-based entity, wherein the authorized payment data comprises at least user payment data from a memory of the mobile device and wherein the authorized payment data can be used in at least part of a payment process.*  On information and belief, Defendant's iOS application receives from the Apple Pay module via the PassKit API authorized payment data, including an encrypted Apple Pay token and other information, which the Apple Pay module received, based on the Apple Pay Request, from the device and/or a network-based entity.  The encrypted Apple Pay token and other information includes the customer's payment credentials from the customer's device memory and can be used in at least part of the reload process.

## VIII.    SECOND CAUSE OF ACTION
Infringement of U.S. Patent No. 11,004,139

23.    Plaintiff incorporates the foregoing paragraphs 1 to 16 by this reference as though fully set forth herein.

24.    Defendant has directly infringed and continues to directly infringe one or more claims of the '139 patent literally and/or under the doctrine of equivalents, pursuant to 35 U.S.C § 271, by making, using, selling, and/or offering to sell within the United States, without permission or authority the Accused Instrumentalities, all of which enable customers using certain Apple devices to reload their Starbucks Card or pay for purchases using Apple Pay.

25.    Defendant induces infringement by others of one or more claims of the '139 patent in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, to use the Accused

402475494.2

Instrumentalities to reload their Starbucks Card or make purchases using Apple Pay, including by prominently displaying the "Apple Pay" buy button or logo on the Starbucks iOS application. Defendant is aware of the '139 patent at least as of the filing and/or service of this Complaint, and knows or should know that the inducing acts described herein constitute infringement of the '139 patent.

26.    Defendant is also liable for contributory infringement of one or more claims of the '139 patent in violation of 35 U.S.C. §271(c) by providing a material part of the Accused Instrumentalities used to infringe one or more claims of the '139 patent. Those parts of the Accused Instrumentalities that enable the use of Apple Pay have no substantial non-infringing uses. At least as of the filing and/or service of this Complaint Defendant knew that the Accused Instrumentalities were especially made for use in an infringing manner. For at least the reasons set forth above, Defendant contributes to the infringement of the '139 patent by others.

27.    Defendant continues its infringing actions despite knowing that its actions constitute an unjustifiably high risk that its activities infringe the '139 patent, which was duly issued by the USPTO, and is presumed valid. For example, since at least the filing and/or service of this Complaint, Defendant has been aware of the unjustifiably high risk that its actions continue to constitute infringement of the '139 patent, and that the '139 patent is valid. On information and belief, Defendant could not reasonably, subjectively believe that its actions do not constitute infringement of the '139 patent, and it could not reasonably, subjectively believe that the '139 patent is invalid. Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions constitute infringement, Defendant has continued its infringing activities. As such, Defendant willfully infringes the '139 patent.

402475494.2

28.     As just one non-limiting example of Defendant's direct infringement, set forth below (with claim language in italics) is a description of Defendant's direct infringement of exemplary claim 25 of the '139 patent in connection with Defendant's enabling the reload of a Starbucks Card using Apple Pay through its iOS application.  Monticello reserves the right to modify this description, including, for example, on the basis of information that it obtains during discovery:

a.     *25. A method comprising:  transmitting, from an application operating on a device, to a module on the device that controls a user interface and according to an application programming interface that defines a protocol for communicating data between the application and the module on the device that controls the user interface, a request associated with a potential purchase, wherein the request comprises information about the potential purchase; and*:  On information and belief, Defendant's iOS application enables customers to reload their Starbucks Card with Apple Pay.  Defendant's iOS application responds to a customer selection of Apple Pay as the method of reloading their Starbucks Card by transmitting an Apple Pay Request containing details about the reload, which is associated with a potential purchase, to the Apple Pay module on the iOS device, where the Apple Pay module includes at least components of the PassKit API, which defines the protocol for communicating between the application and the Apple Pay module.

b.     *receiving, at the application, from the module that controls the user interface and according to the application programming interface, authorized payment data, wherein the module that controls the user interface retrieved, based on the request, the authorized payment data for the potential purchase from one of the module that controls the user interface, the device operating the module that controls the user interface or a network-based*

*entity separate from the device.*  On information and belief, Defendant's iOS application receives from the Apple Pay module via the PassKit API authorized payment data, including an encrypted Apple Pay token and other information, which the Apple Pay module received, based on the Apple Pay Request, from the device and/or a network-based entity.

### IX.    THIRD CAUSE OF ACTION
Infringement of U.S. Patent No. 11,461,828

29.    Plaintiff incorporates the foregoing paragraphs 1 to 16 by this reference as though fully set forth herein.

30.    Defendant has directly infringed and continues to directly infringe one or more claims of the '828 patent literally and/or under the doctrine of equivalents, pursuant to 35 U.S.C § 271, by making, using, selling, and/or offering to sell within the United States, without permission or authority the Accused Instrumentalities, all of which enable customers using certain Apple devices to reload their Starbucks Card or pay for purchases using Apple Pay.

31.    Defendant induces infringement by others of one or more claims of the '828 patent in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, to use the Accused Instrumentalities to reload their Starbucks Card or make purchases using Apple Pay, including by prominently displaying the "Apple Pay" buy button or logo on the Starbucks iOS application. Defendant is aware of the '828 patent at least as of the filing and/or service of this Complaint, and knows or should know that the inducing acts described herein constitute infringement of the '828 patent.

32.    Defendant is also liable for contributory infringement of one or more claims of the '828 patent in violation of 35 U.S.C. §271(c) by providing a material part of the Accused Instrumentalities used to infringe one or more claims of the '828 patent.  Those parts of the

402475494.2

Accused Instrumentalities that enable the use of Apple Pay have no substantial non-infringing uses. At least as of the filing and/or service of this Complaint Defendant knew that the Accused Instrumentalities were especially made for use in an infringing manner. For at least the reasons set forth above, Defendant contributes to the infringement of the '828 patent by others.

33.    Defendant continues its infringing actions despite knowing that its actions constitute an unjustifiably high risk that its activities infringe the '828 patent, which was duly issued by the USPTO, and is presumed valid. For example, since at least the filing and/or service of this Complaint, Defendant has been aware of the unjustifiably high risk that its actions continue to constitute infringement of the '828 patent, and that the '828 patent is valid. On information and belief, Defendant could not reasonably, subjectively believe that its actions do not constitute infringement of the '828 patent, and it could not reasonably, subjectively believe that the '828 patent is invalid. Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions constitute infringement, Defendant has continued its infringing activities. As such, Defendant willfully infringes the '828 patent.

34.    As just one non-limiting example of Defendant's direct infringement, set forth below (with claim language in italics) is a description of Defendant's direct infringement of exemplary claim 1 of the '828 patent in connection with Defendant's enabling the use of Apple Pay to make purchases at its stores. Monticello reserves the right to modify this description, including, for example, on the basis of information that it obtains during discovery:

a.    *1. A method comprising: establishing a communication between a mobile device and a separate device a via a wireless link between the mobile device and the separate device, the communication being associated with a purchase, wherein, on a display of the mobile device, an instruction is presented associated with the purchase and, after the*

-12-

*instruction is displayed, a combination of a first type of input and a second type of input are received on the mobile device, the first type of input comprising at least one button press of a physical button that is separate from the display on the mobile device and the second type of input received from a user to confirm a payment for the purchase, the second type of input not requiring any interaction with the display and the second type of input comprising a security measure to prevent unauthorized purchases, and wherein, based on the combination of the first type of input and the second type of input, payment data is retrieved from a memory of the mobile device; and*:  On information and belief, Defendant equips its retail brick and mortar stores with POS terminals that, when in the vicinity of a user device capable of making an Apple Pay payment, establish a communication between the user device and the POS terminal using near field communication (NFC) technology, which uses a wireless link, in order to facilitate a payment.  Under certain conditions the display of the user device presents the user with instructions to press a button on the side of the user device to open Apple Pay on the device and then to authenticate the user using face ID, touch ID or the device's passcode. Once these two steps are completed, the encrypted Apple Pay token and other information is retrieved from memory in the user device.

b.      *receiving the payment data, via the wireless link, at the separate device to make the purchase, wherein receiving the payment data, via the wireless link, at the separate device to make the purchase is performed according to a protocol for communicating the payment data to the separate device*.  On information and belief, the Defendant's POS terminal receives the encrypted Apple Pay token and other information from the user device via the NFC link using the EMV communications protocol in order to make the purchase.

## X.   FOURTH CAUSE OF ACTION
Infringement of U.S. Patent No. 11,468,497

35.     Plaintiff incorporates the foregoing paragraphs 1 to 16 by this reference as though fully set forth herein.

36.     Defendant has directly infringed and continues to directly infringe one or more claims of the '497 patent literally and/or under the doctrine of equivalents, pursuant to 35 U.S.C § 271, by making, using, selling, and/or offering to sell within the United States, without permission or authority the Accused Instrumentalities, all of which enable customers using certain Apple devices to reload their Starbucks Card or pay for purchases using Apple Pay.

37.     Defendant induces infringement by others of one or more claims of the '497 patent in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties, including customers, to use the Accused Instrumentalities to reload their Starbucks Card or make purchases using Apple Pay, including by prominently displaying the "Apple Pay" buy button or logo on the Starbucks iOS application. Defendant is aware of the '497 patent at least as of the filing and/or service of this Complaint, and knows or should know that the inducing acts described herein constitute infringement of the '497 patent.

38.     Defendant is also liable for contributory infringement of one or more claims of the '497 patent in violation of 35 U.S.C. §271(c) by providing a material part of the Accused Instrumentalities used to infringe one or more claims of the '497 patent.  Those parts of the Accused Instrumentalities that enable the use of Apple Pay have no substantial non-infringing uses.  At least as of the filing and/or service of this Complaint Defendant knew that the Accused Instrumentalities were especially made for use in an infringing manner.  For at least the reasons set forth above, Defendant contributes to the infringement of the '497 patent by others.

-14-

402475494.2

39.    Defendant continues its infringing actions despite knowing that its actions constitute an unjustifiably high risk that its activities infringe the '497 patent, which was duly issued by the USPTO, and is presumed valid.  For example, since at least the filing and/or service of this Complaint, Defendant has been aware of the unjustifiably high risk that its actions continue to constitute infringement of the '497 patent, and that the '497 patent is valid.  On information and belief, Defendant could not reasonably, subjectively believe that its actions do not constitute infringement of the '497 patent, and it could not reasonably, subjectively believe that the '497 patent is invalid.  Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions constitute infringement, Defendant has continued its infringing activities.  As such, Defendant willfully infringes the '497 patent.

40.    As just one non-limiting example of Defendant's direct infringement, set forth below (with claim language in italics) is a description of Defendant's direct infringement of exemplary claim 1 of the '497 patent in connection with Defendant's enabling the use of Apple Pay to make purchases at its stores.  Monticello reserves the right to modify this description, including, for example, on the basis of information that it obtains during discovery:

a.    *1. A method comprising: establishing, via a merchant device, a communication between the merchant device and a user device via a wireless link between the user device and the merchant device, the communication being associated with a potential purchase and being initiated in connection with the potential purchase, wherein, based on the communication, the user device presents, on a display of the user device, information associated with the potential purchase; and*:  On information and belief, Defendant equips its retail brick and mortar stores with POS terminals that, when in the vicinity of a user device capable of making an Apple Pay payment and for the purpose of making a potential purchase, establish a

402475494.2

communication between the user device and the POS terminal using near field communication (NFC) technology, which uses a wireless link, in order to facilitate a payment for a potential purchase. Based on this NFC link, information associated with the potential purchase, including instructions for completing the purchase, is displayed on the user device.

          b.     *receiving, at the merchant device and via the wireless link, user payment data to make the potential purchase, wherein the user payment data is obtained based on (1) the user device receiving a single-interaction from a user in response to the information to confirm a payment for the potential purchase, the single-interaction comprising a security measure to prevent unauthorized purchases and (2) the user device retrieving, based on the single-interaction from the user, the user payment data from a memory of the user device, wherein receiving the user payment data via the wireless link at the merchant device to make a purchase is performed according to a protocol for communicating the user payment data to the merchant device.* On information and belief, the Defendant's POS terminal receives the encrypted Apple Pay token and other information from the user device via the NFC link and the EMV communications protocol. The encrypted Apple Pay token and other information will be used to make the potential purchase. Before the merchant device can receive this payment data, the user must confirm payment and be authenticated by interacting with the user device using face ID, touch ID or the device passcode. Once the user is authenticated the user device retrieves the encrypted Apple Pay token and other information from memory in the user device.

## XI.   **JURY DEMAND**

41.    Monticello demands a jury trial on all issues so triable.

## XII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Monticello respectfully requests the following relief:

A. For an order finding that the Asserted Patents are valid and enforceable;

402475494.2

B.  For an order finding that Defendant has infringed the Asserted Patents directly, by inducement and/or contributorily, in violation of 35 U.S.C. § 271;

C.  For an order finding that Defendant's infringement is willful;

D.  For an order awarding Monticello general and/or specific damages adequate to compensate it for the infringement by Defendant, including at least a reasonable royalty, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate;

E.  Judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Monticello its reasonable attorneys' fees; and

F.  For an order awarding Monticello prejudgment and post-judgment interest, costs and other expenses; and

G.  Such other and further relief as the Court may deem to be just and proper.

402475494.2

Dated: November 9, 2023

MANATT, PHELPS & PHILLIPS, LLP

Amar L. Thakur (CA Bar No. 194025)
(*pro hac vice* application forthcoming)
AThakur@manatt.com
695 Town Center Drive
14th Floor
Costa Mesa, CA  92626
Tel.:  714.371.2500
Fax:  714.371.2550

Bruce R. Zisser (CA Bar No. 180607)
(*pro hac vice* application forthcoming)
BZisser@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, CA 90067
Tel.:  310.312.4000
Fax:  310.312.4224

GEORGE BROTHERS KINCAID & HORTON LLP

/s/ B. Russell Horton
B. Russell Horton
Texas Bar No. 10014450
rhorton@gbkh.com
114 W. 7th Street, Ste. 1100
Austin, Texas 78701
Tel.: (512) 495-1400
Fax: (512) 499-009

*Attorneys for Plaintiff Monticello Enterprises, LLC*

-18-

402475494.2